IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

MARK HERSHISER, MARIANNE
HERSHISER, and NATIVE ESSENCE
HERB COMPANY,

        Plaintiffs,

v.                                                                      No. CIV 08-603 BB/RHS

FEDERAL TRADE COMMISSION,

        Defendant.

COURT'S FINDINGS OF FACT
AND CONCLUSIONS OF LAW

THIS MATTER came on for an evidentiary hearing on *Plaintiffs' Motion for a Preliminary Hearing* on September 11, 2008, and having adduced all the evidence, considered the closing arguments, memoranda of law, and proposed findings of fact and conclusions of law submitted by the parties, and being fully advised, the following are the Court's Findings of Fact and Conclusions of Law:

Findings of Fact

1. The Federal Trade Commission ("FTC") staff sent a letter to plaintiffs dated March 28, 2008, informing plaintiffs that the FTC staff had been conducting "a non-public investigation into advertising claims" made by plaintiffs. Letter from Erika Wodinsky to Native Essence Herb Company, et al., ("Letter") at 1.

2. **The Letter stated that the FTC's Bureau of Consumer Protection "has determined that there is reason to believe that Native Essence has violated the FTC Act by making false and/or unsubstantiated claims" for various specified products. Id.**

3. **On June 25, 2008, plaintiffs filed this complaint against the FTC seeking declaratory and injunctive relief.**

4. **Plaintiffs allege that the FTC's "Advertising Guide for Industry" pertaining to dietary supplements ("Advertising Guide") is unconstitutional.**

5. **The complaint sought a permanent injunction barring the FTC from prohibiting plaintiffs or any other herb company from making statements that an herb has historically been used for a serious medical condition.**

6. **The complaint also sought a declaratory judgment that Plaintiffs and any other herb seller had a First Amendment right to post truthful information taken from federal government websites such as the National Center for Complementary and Alternative Medicine. Plaintiffs also sought a declaratory judgment that they and other herb sellers have a First Amendment right to post information about any scientific test of an herbal product whether or not it satisfies the FTC's adequate substantiation standard.**

7. **Plaintiffs assert that "the testing process" for unspecified herbs "in the United States is biased and flawed," and seek a declaration that the "FTC's**

'substantiation' requirement" for unspecified herbs "is biased and based on flawed methodology."

8. Plaintiffs filed a motion for preliminary injunction on July 15, 2008, seeking to enjoin any possible future enforcement action based on the exercise of their First Amendment rights.

9. The FTC filed its motion to dismiss on July 31, 2008.

10. As of September 11, 2008, the date of the oral argument on the injunction motion, the FTC had not filed an enforcement action against plaintiffs.

## Conclusions of Law

1. The Court has jurisdiction over the subject matter of, and the parties to, this action.

2. Rule 12(b)(1) of the Federal Rules of Civil Procedure empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." While the court is to accept plaintiff's allegations of fact for purposes of a facial motion to dismiss, it does not accept plaintiff's allegations of law. See, e.g., Papasan v. Allain, 478 U.S. 265, 286 (1986); Dry v. United States, 235 F.3d 1249, 1255 (10th Cir. 2000).

3. The federal judicial power is limited by Article III of the Constitution to the resolution of "cases" and "controversies." See, e.g., Valley Forge Christian

**College v. Americans United for Separation of Church and State, Inc.**, 454 U.S. 464, 471 (1982); **Allen v. Wright**, 468 U.S. 737, 750 (1984.

4. "A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." **Texas v. United States**, 523 U.S. 296, 300 (1998) (citations omitted). See also **Keyes v. School District No. 1**, 119 F.3d 1437, 1444 (10th Cir. 1997).

5. Analyzing whether a ripe case or controversy has been presented requires an evaluation of "(1) the fitness of the issues for judicial decision and (2) the hardship to the parties of withholding court consideration." **Nat'l Park Hospitality Ass'n v. Dep't of Interior**, 538 U.S. 803, 808 (2003). See also **Abbott Labs. v. Gardner**, 387 U.S. 136, 149 (1967); **Toilet Goods Ass'n v. Gardner**, 387 U.S. 158, 162 (1967).

6. The FTC staff Letter to plaintiffs dated March 28, 2008, is not final agency action. 5 U.S.C. § 704; **FTC v. Standard Oil Co.**, 449 U.S. 232, 241, 244 (1980); **Bennett v. Spear**, 520 U.S. 154, 178 (1997); **Mobil Exploration & Producing U.S., Inc. v. Dep't of Interior**, 180 F.3d 1192, 1197 (10th Cir. 1999); **Howell v. U.S. Army Corps of Engineers**, 794 F. Supp. 1072, 1075 (D.N.M. 1992).

7. Not every "facial" challenge to a rule even conceded to be final presents a ripe case. **Toilet Goods Ass'n**, supra; **Nat'l Park Hospitality Ass'n**, supra; **Utah v.**

    U.S. Dep't of Interior, 535 F.3d 1184, 1194 (10th Cir. 2008); Pfizer Inc. v. Shalala, 182 F.3d 975, 980 (D.C. Cir. 1999).

8. The FTC staff Letter to plaintiffs dated March 28, 2008, does not create a ripe case or controversy. Ohio Forestry Ass'n v. Sierra Club, 523 U.S. 726, 732-33 (1998); Nat'l Park Hospitality Ass'n, supra; Abbott Labs., supra; Toilet Goods Ass'n, supra.

9. The FTC Advertising Guide is not final agency action because it does not determine "rights or obligations," and "binding legal consequences" do not flow from it. See 5 U.S.C. § 704; Bennett, supra; FTC v. Standard Oil Co., supra; Mobil Exploration & Producing U.S., Inc., supra; Howell, supra.

10. The issues raised by plaintiffs do not present a ripe case or controversy because they do not present issues "fit for judicial decision;" they are not capable of analysis in the abstract. Ohio Forestry Ass'n, supra; Nat'l Park Hospitality Ass'n, supra; Abbott Labs., supra; Toilet Goods Ass'n, supra.

11. The complaint should be dismissed because it is an attempt to enjoin an enforcement action. FTC v. Standard Oil Co., supra; Great Plains Coop v. CFTC, 205 F.3d 353 (8th Cir. 2000); X-tra Art v. CPSC, 969 F.2d 793, 796 (9th Cir. 1992); United States v. Alcon Lab., 636 F.2d 876, 882 (1st Cir. 1981); Southeastern Minerals, Inc. v. Harris, 622 F.2d 758, 764 (5th Cir. 1980);

**Pharmadyne Lab., Inc. v. Kennedy**, 596 F.2d 568, 570-71 (3d Cir. 1979); **Parke, Davis & Co. v. Califano**, 564 F.2d 1200, 1206 (6th Cir. 1977).

12. **Whether an enforcement action is simply contemplated or it has already been filed, it is well-established that those subject to enforcement action may not file a separate challenge, but must raise any defenses they have in the enforcement case itself.  Great Plains Coop, supra**

13. **Even accepting the factual allegations of the complaint as true, there is no jurisdiction over plaintiffs' complaint in this Court.  See E.F.W. v. St. Stephen's Indian High School, 264 F.3d 1297, 1302-03 (10th Cir. 2001); General Finance Corp v. FTC, 700 F.2d 366 (7th Cir. 1983).**

All tendered findings and conclusions not incorporated herein are deemed Denied.

A judgment based on these Findings and Conclusions shall be entered dismissing Plaintiffs' complaint.

DATED this 17th day of November, 2008.

_____
**BRUCE D. BLACK**
**United States District Judge**